Michael A. Di Lando, Esq. (SB No. 119665)
mdilando@rdwlaw.com
George K. Rosenstock, Esq. (SB No. 117515)
grosenstock@rdwlaw.com
ROBINSON DI LANDO
A Professional Law Corporation
800 Wilshire Boulevard, Suite 750
Los Angeles, California 90017-2687
Telephone (213) 229-0100
Facsimile: (213) 229-0101

Attorneys for Defendants
GREGORY CLAYMAN, JUDITH CLAYMAN,
JANE CLAYMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CONSTANTINE TSIAMIS, an individual, and for the benefit of VS MEDIA, INC., a California corporation,

Plaintiff,

v.

VS MEDIA, INC. a California corporation; GREGORY CLAYMAN, an individual, JUDITH CLAYMAN, an individual; JANE CLAYMAN, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:15-cv-02520 CAS- MRW

[Removed April 6, 2015 from Los Angeles County Superior Court Case No. BC565657]

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (FRCP 12(B)(6) AND TO STRIKE (FRCP 12(F)

AND

DECLARATION OF GEORGE K. ROSENSTOCK

DATE: May 11, 2015
TIME: 10:00 A.M.
JUDGE: Hon. Christina A. Snyder
CTRM: 5 - Spring Street

[Filed Concurrently with Motion to Dismiss and Strike Complaint]

# REQUEST FOR JUDICIAL NOTICE

Defendants Gregory Clayman, Judith Clayman, and Jane Clayman ("Defendants") request that the court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of Exhibit A to the Declaration of George K. Rosenstock in Support of Defendants' Motion to Dismiss ("Rosenstock Dec."), below.  A federal court must take judicial notice of facts "if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  The documents attached to the Rosenstock Dec. is in the record of the Superior Court of Los Angles, County, California, filed in *Constantine Tsiamis, an individual, and for the benefit of VS MEDIA, INC., v. VS MEDIA, INC., Gregory Clayman, Judith Clayman, Jane Clayman*, Case No. BC 565657.   "Federal courts may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'" Cactus Corner, LLC v. U.S. Dept. of Agric., 346 F.Supp.2d 1075, 1092 (E.D. Cal. 2004) (quoting United States ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.  1992).

DATED: April 13, 2015                    Respectfully Submitted

                                         ROBINSON DI LANDO, A.P.L.C.


                                         By: S:/George K. Rosenstock
                                         Michael A. Di Lando
                                         George K. Rosenstock
                                         800 Wilshire Blvd., Ste., 750
                                         Los Angeles, California 90017
                                         Attorneys for Defendants

**DECLARATION OF GEORGE K. ROSENSTOCK**

I, GEORGE K. ROSENSTOCK, declare:

1. I am an attorney admitted to practice before all the courts of the State of California and admitted to the United States District Court for the Central District of California and am a principal in the law firm of ROBINSON DI LANDO, attorneys of record for defendant Gregory, Judith and Jane Clayman. I make this declaration in support of Defendants' Motion to Dismiss, etc., filed herewith. The facts set forth below are within my personal knowledge, except as otherwise indicated.

2. The documents attached as Exhibit A hereto, as listed below, are true and correct copies of documents filed in the action *Constantine Tsiamis, an individual, and for the benefit of VS MEDIA, INC., v. VS MEDIA, INC., Gregory Clayman, Judith Clayman, Jane Clayman*, Case No. BC 565657.

| DOCUMENT | EXHIBIT |
|---|---|
| Complaint [Dkt. 13, pp. 5-26] | A |

3. On April 6, 2015, I conducted a telephone conversation with Mr. Marc Smith pursuant Local Rule 7-3 and was unable to resolve the issues stated in the Rule 12(b)(6), 12(f) motion filed concurrently herewith.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of April, 2015 at Los Angeles, California

S:/George K. Rosenstock__
GEORGE K. ROSENSTOCK

**Exhibit A**



Marc Smith (SBN 72717)
msmith@kranesmith.com
Daniel L. Reback (SBN 239884)
dreback@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Blvd., Suite 600
Encino, California, 91436
Tel: (818) 382-4000 / Fax: (818) 382-4001

A6009
90012
DEPT. 24
ROBERT L. HESS

FILED
Superior Court Of California
County Of Los Angeles

DEC 03 2014

Sherri R. Carter, Executive Officer/Clerk
By Judi Lara, Deputy

Attorneys for Plaintiff, CONSTANTINE TSIAMIS, an individual, and for the benefit of VS MEDIA, INC., a California corporation

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| CONSTANTINE TSIAMIS, an individual, and for the benefit of VS MEDIA, INC., a California corporation<br><br>Plaintiff,<br>vs.<br><br>VS MEDIA, INC., a California corporation; GREGORY CLAYMAN, an individual; JUDITH CLAYMAN, an individual; JANE CLAYMAN, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. BC 565657<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF FIDUCIARY DUTY;**<br>**2. FRAUDULENT CONCEALMENT;**<br>**3. INJUNCTIVE RELIEF**<br>**4. GROSS MISMANAGEMENT;**<br>**5. WASTE OF CORPORATE ASSETS;**<br>**6. NEGLIGENCE;**<br>**7. CONVERSION;**<br>**8. UNJUST ENRICHMENT;**<br>**9. ACCOUNTING;**<br>**10. APPOINTMENT OF RECEIVER;**<br>**11. BREACH OF WRITTEN EMPLOYMENT AGREEMENT**<br>**12. VIOLATION OF LABOR CODE §203; AND**<br>**13. UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §17200 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

CIT/CASE: BC565657
LEA/DEF#:
RECEIPT #: CCH520872103
DATE PAID: 12/03/14 03:57 PM
PAYMENT: $435.00
RECEIVED:
CHECK: $435.00
CASH: $0.00
CHANGE: $0.00
CARD: $0.00

12/03/2014

**Exhibit A**
**5**

Plaintiff CONSTANTINE TSIAMIS ("Plaintiff") an individual, and for the benefit of VS MEDIA, INC. ( "VSM"), a California corporation, alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff CONSTANTINE TSIAMIS ("Plaintiff") is, and at all times herein mentioned has been, an individual, residing in and/or transacting business as a director and shareholder of VSM in the State of California, County of Los Angeles.

2. Plaintiff is informed and believes and thereon alleges that Defendant, VS MEDIA, INC. ("VSM") is, and at all times mentioned herein has been, a corporation organized and existing by virtue of the laws of the State of California and engaged in business of owning, managing and operating as a technology platform provider specializing in salable live video chat and bulletproof billing solutions, in the County of Los Angeles County, State of California. VSM is a nominal defendant in the derivative portion of this action to determine its rights against the other named defendants.

3. Plaintiff is informed and believes, and thereon alleges that Defendant GREGORY CLAYMAN ("Greg Clayman") is, and at all times herein mentioned was, an individual residing in and/or transacting business in the State of California, County of Los Angeles. Plaintiff is further informed and believes and thereon alleges, that Defendant Greg Clayman is, and at all times mentioned herein has been, the president, a director and majority shareholder of VSM.

4. Plaintiff is informed and believes, and thereon alleges that Defendant JANE CLAYMAN ("Jane Clayman") is, and at all times herein mentioned has been, an individual residing in and/or transacting business in the State of California, County of Los Angeles. Plaintiff is further informed and believes and thereon alleges, that Defendant Jane Clayman is a director and shareholder of VSM and the mother of Defendant Greg Clayman.

5. Plaintiff is informed and believes, and thereon alleges that Defendant JUDITH CLAYMAN ("Judith Clayman") is, and at all times herein mentioned has been, an individual residing in and/or transacting business in the State of California, County of Los Angeles. Plaintiff is further informed and believes and thereon alleges, that Defendant Judith

11. The shareholders of VSM are, and at all relevant times herein were, Defendant Greg Clayman (through the GLC Revocable Trust) (67.8%), Plaintiff (29.2%), Defendant Jane Clayman (2.0%) and Scott Thompson (1.0%).

12. The Board of Directors of VSM currently consists of Defendants Greg Clayman, Jane Clayman and Judith Clayman ( the "Director Defendants") and Plaintiff. The unlawful conduct as alleged in this Complaint has occurred while the Director Defendants were, and have been, directing VSM to the exclusion of Plaintiff. The Director Defendants are dominated and controlled by Defendant Greg Clayman and authorize and approve self-dealing transactions for him in dereliction of their fiduciary duties to VSM, as directors and/or officers, thus causing VSM to suffer substantial damages in breaching their fiduciary duties, to the detriment of Plaintiff and VSM.

13. Defendant Greg Clayman has dominated, operated, influenced and controlled the activities and affairs of VSM to such an extent that VSM was used by him as a mere conduit to enable the shifting of assets and liabilities and to engage in certain transactions to reap unlawful profits and benefits at the expense of VSM and Plaintiff.

14. The operation of VSM by Defendant Greg Clayman has permitted him to receive excessive compensation and incur and disguise personal expenses in order to unjustly enrich himself to the detriment of VSM and Plaintiff, to usurp VSM corporate opportunities, engage in self-dealing, and to cause VSM to pay personal and nonbusiness expenditures.

15. As a result of this derivative suit, Plaintiff is entitled to reimbursement of reasonable attorney's fees and litigation costs. (*Cziraki v. Thunder Cats, Inc.* (2003) 111 Cal.App.4th 552, 557-58; *Baker v. Pratt (*1986) 176 Cal.App.3d 370, 378.)

16. Plaintiff did not make demand on the Board of Directors of VSM to bring this action on behalf of VSM because such a demand would have been a futile, wasteful and useless act for the following reasons:

(A) The Director Defendants authorized, approved, ratified or have failed to rectify some or all of the misconduct at issue here even though Plaintiff so informed the

**Exhibit A**

Director Defendants of such misconduct.

(B) The Director Defendants authorized, approved and participated in failing to hold regular meetings, providing Plaintiff with false, misleading and incomplete information, failed to inform Plaintiff of regular meetings, and provided Plaintiff with annual resolutions to sign based on false and misleading information and without the opportunity to discuss and review such matters.

(C) The Director Defendants were at all relevant times responsible for the misconduct alleged herein and enabled, or through conscious abdication of their duties, and approval of self-dealing transactions without full and complete disclosure to plaintiff, breached their fiduciary duties to VSM.

(D) The misconduct alleged herein was unlawful and not within the Director Defendants' business judgment to acquire, authorize, ratify or facilitate.

(E) There was no basis or justification for such misconduct. It was designed solely to benefit Defendant Greg Clayman in a manner that was to the detriment of VSM. Hence, the transactions constituted a waste of corporate assets and could not have been the product of the proper exercise of business judgment by the Director Defendants.

(F) The Director Defendants participated in, approved, or through abdication of their duties, permitted the wrongs alleged herein to have occurred and participated in efforts to conceal or disguise those wrongs from Plaintiff and/or acting with negligence and gross negligence disregarded the wrongs complained of herein, and therefore are not disinterested parties.

(G) Plaintiff is informed and believe and thereon allege, that the Director Defendants are protected against liability for breaches of their duties alleged in the Complaint by directors' and officers' liability insurance policies. However, under those policies, if the Director Defendants were to cause VSM to sue itself or certain officers of VSM, there would be no directors' and officers' insurance protection. This is another reason why the Director Defendants are hopelessly conflicted in making any independent

Exhibit A

determination that would cause VSM to bring this action.

(H) Despite the Director Defendants' breaches of duty, the Board of Directors has not recommended that any Director Defendant be relieved of his or her duties as director. By maintaining the status quo in light of these breaches of duty, the Director Defendants failed to exercise proper business judgment and therefore lacks independence.

(I) The Board of Directors did not require that the Director Defendants immediately demand that Defendant Greg Clayman disgorge all of his ill-gotten gains from their improper conduct and did not require him to disgorge his unjust benefits despite his indisputable breaches of duties, which worked a direct harm to VSM and Plaintiffs. Nor did they take any other action, including commencing legal proceedings, to protect the interests of VSM.

**FIRST CAUSE OF ACTION**

**(Breach of Fiduciary Duty by Plaintiff, Individually and Derivatively, Against Defendants Greg Clayman, Jane Clayman, Judith Clayman, VSM and DOES 1 through 20, Inclusive)**

17. Plaintiff repeats, repleads and realleges Paragraphs 1 through 16, inclusive, and incorporate the same herein by this reference as though set forth in full.

18. Defendants Greg Clayman, Jane Clayman and Judith Clayman, as officers, directors, controlling shareholders and/or managing agents of VSM, and due to Plaintiff's long term personal friendship with Defendant Greg Clayman, were engaged in a special relationship of trust and confidence with VSM and Plaintiff causing them, with justification and good reason, to place trust and confidence in the honesty and fairness of said Defendants.

19. Defendant Greg Clayman, as a director and controlling shareholder, and Defendants Jane Clayman and Judith Clayman, in their capacities as directors, owed and owe fiduciary obligations to VSM and its shareholders the duty to exercise due care and diligence in the management and administration of the affairs of VSM and in the use and preservation of its property and assets; the duty of loyalty to put the interests of VSM above

Exhibit A

12-03-2014

their own financial interests; and the duty of candor, including full and candid disclosure of all material facts related thereto. The misconduct of said Defendants as alleged herein involves knowing violations of their duties as directors, controlling shareholders and/or managing agents of VSM, and the absence of good faith on their part, which the said Defendants were aware or should have been aware, posed a risk of serious injury to VSM and Plaintiff.

20. To discharge these duties, said Defendants were required to exercise reasonable and prudent supervision over the management, policies, practices, controls and financial and corporate affairs of VSM. By virtue of this obligation, said Defendants were required, among other things, to:

(A) manage, conduct, supervise and direct the affairs of VSM in accordance with laws, rules and regulations, and the charter and bylaws of VSM;

(B) neither violate nor knowingly or recklessly permit any officer, director or employee of VSM to violate applicable laws, rules and regulations, and to exercise reasonable control and supervision over such officers and employees; and to ensure the prudence and soundness of policies and practices undertaken or proposed to be undertaken by VSM.

21. Since on or about December 2011, Defendants, as directors, controlling shareholders and/or managing agents of VSM, engaged in the following violations of their fiduciary duties to VSM by failing to act with due care, loyalty and good faith, or in conscious abrogation of their fiduciary duties as follows:

(A) Authorized, ratified, approved, facilitated and/or failed to rectify payments to Defendant Greg Clayman for non corporate and personal expenses;

(B) Authorized, ratified, approved, facilitated and/or failed to rectify the refusal of the Board of Directors to provide excessive compensation and other benefits for Defendant Greg Clayman including, but not limited to, the use of corporate funds and credit cards to pay personal expenses of Defendant Clayman unrelated to the corporate business, which practice is continuing to the present time;

Exhibit A

12-03-2014

(C) Authorized, ratified, approved, facilitated and/or failed to rectify excessive compensation and other payments to Defendant Greg Clayman which were not approved by either by independent directors or shareholders and sought the approval of Plaintiff to such actions by providing Plaintiff with incomplete and false information, thus making any such purported approval by Plaintiff ineffective under and in violation of Corp Code §315;

(D) Authorized, ratified, approved, facilitated and/or failed to rectify the refusal of the Board of Directors to permit Plaintiff to inspect the books and records of VSM;

(E) Authorized, ratified, approved, facilitated and/or failed to rectify the exclusion of Plaintiff from certain board meetings and activities;

(F) Authorized, ratified, approved, facilitated and/or failed to rectify unearned, excessive and unapproved compensation and salaries to officers and directors of VSM;

(G) Authorized, ratified, approved, facilitated and/or failed to rectify unearned, excessive and unapproved dividends and distributions to officers and directors including, but not limited to, Defendant Greg Clayman;

(H) Authorized, ratified, approved, facilitated and/or failed to rectify the formation of a Board of Directors that is not independent, that has substantial conflicts of interest and is dominated and controlled by Defendant Greg Clayman for his personal benefit to the detriment of VSM and Plaintiff;

(I) Authorized, ratified, approved, facilitated and/or failed to rectify the exercise by Defendant Greg Clayman of substantial authority, control, management and influence over the operations of VSM, for their personal benefit and to the detriment of Plaintiff and VSM;

(J) Authorized, ratified, approved, facilitated and/or failed to rectify the commingling of corporate assets by Defendant Greg Clayman for his personal benefit to the detriment of Plaintiff and VSM;

(K) Authorized, ratified, approved, facilitated and/or failed to rectify actions

and activities taken by Defendant Greg Clayman on behalf of VSM without knowledge, consent or approval of Plaintiff and withheld material information and provided false information in order to preclude Plaintiff from making informed decisions for the benefit of VSM.

(L) Authorized, ratified, approved, facilitated and/or failed to rectify the reduction and diminishment of the interest of shareholders in VSM;

(M) Authorized, ratified, approved, facilitated and/or failed to rectify the manipulation of VSM and provide advantageous personal tax benefits to Defendant Greg Clayman to the detriment of Plaintiff and VSM;

(N) Authorized, ratified, approved, facilitated and/or failed to rectify the hiring of legal counsel and accountants for VSM notwithstanding their conflicts of interest in representing both VSM and Defendant Greg Clayman; and

(O) Authorized, ratified, approved, facilitated and/or failed to the rectify observation of corporate formalities such as failing to regularly elect directors, appoint officers, hold board meetings and maintain corporate minutes.

22. Defendants Greg Clayman, Jane Clayman and Judith Clayman and VSM purposely provided false information and concealed material facts, their misconduct, the misappropriation of assets and the true nature of the compensation and benefits Defendant Greg Clayman received to the detriment of VSM. These facts were peculiarly within said Defendants' knowledge and not reasonably available to Plaintiff.

23. Instead of properly disclosing these improprieties, said Defendants caused or allowed these practices to continue unabated to the present time in violation of their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision and Defendant Clayman represented to Plaintiff that VSM would be sold for a substantial profit to benefit both Plaintiff and him at which time any discrepancies in the accountings would be resolved.

24. Said Defendants violated their fiduciary duties to VSM by failing to act with due care, loyalty and good faith, or in conscious abrogation of their fiduciary duties.

**Exhibit A**

12-03-2014

25. As a direct and proximate result of the conduct of Defendants, VSM and Plaintiff have sustained and will sustain general, special and consequential damages in an amount not yet ascertained but within the jurisdiction of this Court. VSM and Plaintiff will seek leave to amend this Complaint to allege the exact amount of their damages when the same have been finally ascertained.

26. The conduct of Defendants was undertaken with the intent to injure Plaintiff, or with a willful and conscious disregard of their rights as such malicious conduct is defined in Code of Civil Procedure §3294. Plaintiff is entitled to punitive and exemplary damages against Defendants for the sake of example and to punish them for their unlawful conduct.

**SECOND CAUSE OF ACTION**

**(Fraudulent Concealment by Plaintiff, Individually, and Derivatively, Against Defendants Greg Clayman, Jane Clayman, Judith Clayman, VSM and DOES 1 through 20, Inclusive)**

27. Plaintiff repeats, repleads and realleges Paragraphs 1 through 26, inclusive, and incorporate the same herein by this reference as though set forth in full.

28. Defendants Greg Clayman, Jane Clayman and Judith Clayman, as officers, directors, controlling shareholders and/or managing agents of VSM, were engaged in a special relationship of trust and confidence with VSM and Plaintiff causing them, with justification and good reason, to place trust and confidence in the honesty and fairness of said Defendants.

29. At all times alleged herein, VSM, by and through Defendant Greg Clayman, its principal officer, director, controlling shareholder and managing agent, and Defendant Greg Cayman, individually, and Defendants Jane Clayman and Judith Clayman, as directors, agreed and conspired to defraud Plaintiff by representing to him, both orally and in writing, that: (a) they could be trusted and would honor their obligations to VSM; and (b) they would exercise the highest obligation of good faith, fair dealing, loyalty and due care to Plaintiff.

30. The true facts were that since on or about December 2011, Defendants acted

12-03-2014

Exhibit A

for the wrongful purpose of permitting Defendant Greg Clayman to dominate, operate, influence and controlled the activities and affairs of VSM to such an extent that VSM was used by him as a mere conduit to enable the shifting of asserts and liabilities and to engage in certain transactions to reap unlawful personal profits and benefits at the expense of VSM and Plaintiff. The operation of VSM by Defendant Greg Clayman has permitted him to receive excessive compensation and incur and disguise personal expenses in order to unjustly enrich himself to the detriment of VSM and Plaintiff, to usurp VSM corporate opportunities, engage in self-dealing, incur and pay personal and non business expenditures.

31. The representations of Defendants as set forth above, were made knowing them to be false and/or made with a reckless disregard as to their truth or falsity with the intent to fraudulently induce Plaintiff to rely upon them and unknowingly acquiesce to their misconduct.

32. Based on the parties' extensive business relationships, Plaintiff reasonably and justifiably relied upon the continued representations of said Defendants.

33. Said Defendants did not disclose to Plaintiff material facts concerning their authorization, ratification, approval, facilitation and failure to rectify their misconduct and violations of their fiduciary duties to VSM and Plaintiff.

34. Said Defendants purposely concealed material facts, their misconduct, violations of fiduciary duties and the true nature of the compensation and benefits they received from VSM and Plaintiff. These facts were peculiarly within said Defendants' knowledge and not reasonably available to Plaintiffs. In addition, Defendant Clayman represented to Plaintiff that VSM would be sold for a substantial profit to benefit both Plaintiff and him at which time any discrepancies in the accounting would be resolved.

35. Said Defendants intentionally concealed the aforementioned material facts in order to permit them to use corporate assets for their own personal use and benefit to the detriment of VSM and Plaintiff.

36. As a direct and proximate result of the conduct of Defendants, VSM and

12-03-2014



Plaintiff have sustained and will sustain general, special and consequential damages in an amount not yet ascertained but within the jurisdiction of this Court. VSM and Plaintiff will seek leave to amend this Complaint to allege the exact amount of their damages when the same have been finally ascertained.

37. The conduct of Defendants was undertaken with the intent to injure VSM and Plaintiff, or with a willful and conscious disregard of their rights as such malicious conduct is defined in Code of Civil Procedure §3294. VSM and Plaintiff are entitled to punitive and exemplary damages against Defendants for the sake of example and to punish them for their unlawful conduct.

**THIRD CAUSE OF ACTION**

**(Injunctive Relief For Violation of California Corporations Code §§1600-1604 By Plaintiff Against All Defendants and Does 1 through 20)**

38. Plaintiff repeats, repleads and realleges Paragraphs 1 through 37, inclusive, and incorporates the same herein by this reference as though set forth in full.

39. Pursuant to California Corporations Code §§1600-1602, Plaintiff has made demands upon the Board of Directors and Shareholders of VSM, including Defendant Greg Clayman, for an inspection of records,.

40. Both in his capacity as a director of VSM and in his capacity as a shareholder of more than five 5% percent of the outstanding voting shares of VSM, Plaintiff is entitled to such inspection.

41. Defendants, at the direction of Defendant Greg Clayman, have denied Plaintiff access to the records he is entitled to inspect and precluded Plaintiff from access to, and inspection of, the corporate books and records.

42. Pursuant to California Corporations Code §315, Defendant Clayman is not entitled to receive compensation including, but not limited to, salary, distributing, dividends, bonuses and payment of personal expenditures from VSM until properly approved by VSM.

43. Pursuant to California Corporations Code §1603(a), this Court may enforce Plaintiff's rights of inspection, and may appoint one or more competent inspectors or

Exhibit A

12-03-2014

accountants to audit the books and records of VSM.

44. Pursuant to California Corporations Code §1601-1603. Plaintiff requests that this Court enforce his rights, individually and derivatively to inspect VSM's books and records.

45. In the event, VSM and Defendant Greg Clayman do not permit Plaintiff to conduct an inspection, Plaintiff requests that the Court hold them in contempt.

46. Plaintiff requests an award of his reasonable expenses, including attorneys' fees, to reimburse him for vindicating his rights under California Corporations Code §§1600-1604.

**FOURTH CAUSE OF ACTION**

**(Gross Mismanagement by Plaintiff, Individually, and Derivatively, Against Defendants Greg Clayman, Jane Clayman, Judith Clayman, VSM and DOES 1 through 20, Inclusive)**

47. Plaintiff repeats, repleads and realleges Paragraphs 1 through 46, inclusive, and incorporate the same herein by this reference as though set forth in full.

48. By their actions alleged herein, Defendants Greg Clayman, Jane Clayman, Judith Clayman abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of VSM.

49. As a direct and proximate result of the conduct of Defendants, VSM and Plaintiff have sustained and will sustain general, special and consequential damages in an amount not yet ascertained but within the jurisdiction of this Court. VSM and Plaintiff will seek leave to amend this Complaint to allege the exact amount of their damages when the same have been finally ascertained.

50. The conduct of Defendants was undertaken with the intent to injure VSM and Plaintiff, or with a willful and conscious disregard of their rights as such malicious conduct is defined in Code of Civil Procedure §3294. VSM and Plaintiff are entitled to punitive and exemplary damages against Defendants for the sake of example and to punish them for their unlawful conduct.

**Exhibit A**

FIFTH CAUSE OF ACTION

**(Waste of Corporate Assets by Plaintiff, Individually, and Derivatively, Against Defendants Greg Clayman, Jane Clayman, Judith Clayman, VSM and DOES 1 through 20, Inclusive)**

51. Plaintiff repeats, repleads and realleges Paragraphs 1 through 50, inclusive, and incorporate the same herein by this reference as though set forth in full.

52. By engaging in the wrongdoing alleged herein, Defendants Greg Clayman, Jane Clayman, Judith Clayman and VSM wasted corporate assets by, among other things, improperly utilizing and misappropriating corporate assets, damaging the goodwill and reputation of VSM.

53. As a direct and proximate result of the conduct of Defendants, Plaintiff has sustained and will sustain general, special and consequential damages in an amount not yet ascertained but within the jurisdiction of this Court. Plaintiff will seek leave to amend this Complaint to allege the exact amount of their damages when the same have been finally ascertained.

54. The conduct of Defendants was undertaken with the intent to injure VSM and Plaintiff, or with a willful and conscious disregard of their rights as such malicious conduct is defined in Code of Civil Procedure §3294. VSM and Plaintiff are entitled to punitive and exemplary damages against Defendants for the sake of example and to punish them for their unlawful conduct.

SIXTH CAUSE OF ACTION

**(For Negligence by Plaintiff , Individually, and Derivatively, Against Defendants Greg Clayman, Jane Clayman, Judith Clayman, VSM and DOES 1 through 20)**

55. Plaintiff repeats, repleads and realleges paragraphs 1 through 54, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

56. At all times mentioned herein, Defendants Greg Clayman, Jane Clayman and Judith Clayman owed a duty to VSM and Plaintiff to exercise due care and reasonable

Exhibit A

incidental damages, in an amount not yet ascertained but within the jurisdiction of this Court. Plaintiff will seek leave to amend this Complaint to allege the exact amount of such damages when the same have been finally ascertained.

64. The conduct of Defendants was undertaken with the intent to injure VSM and Plaintiff and/or with a willful and conscious disregard of the rights of VSM and Plaintiff as such malicious conduct is defined in Code of Civil Procedure §3294. VSM and Plaintiff are entitled to punitive and exemplary damages against Defendants for the sake of example and to punish them for their unlawful conduct.

**EIGHTH CAUSE OF ACTION**

**(Unjust Enrichment by Plaintiff, Individually, and Derivatively, Against Defendant Greg Clayman and DOES 1 through 20, Inclusive)**

65. Plaintiff repeats, repleads and realleges Paragraphs 1 through 64, inclusive, and incorporate the same herein by this reference as though set forth in full.

66. As a result of the unlawful conduct alleged herein, Defendant Greg Clayman has been, and will continue to be, unjustly enriched at the expense of and to the detriment of VSM and Plaintiff.

67. Accordingly, this Court should order Defendant Greg Clayman to disgorge all profits, benefits and other compensation obtained by him, from his wrongful conduct and fiduciary breaches described herein.

**NINTH CAUSE OF ACTION**

**(Accounting by Plaintiff, Individually and Derivatively on behalf of VSM, against Defendants Greg Clayman, Jane Clayman, Judith Clayman, VSM and Does 1 through 20)**

68. Plaintiff repeats, repleads and realleges Paragraphs 1 through 67, inclusive, and incorporates the same herein by this reference as though set forth in full.

69. Defendant Greg Clayman, as the Chief Executive Officer, a director and majority shareholder of VSM, and Defendants Judith Clayman, Jane Clayman, as directors of VSM, are in possession of the source and usage of all financial books and records of

12/03/2014

**Exhibit A**

VSM including, but not limited to, copies of cancelled checks, receipts for payment, accounting, ledgers, journals, income statements, balance sheets, deposit slips, bank statements, income tax records and financial statements of VSM.

70. These documents reflect the improper and excessive payments made to Defendant Greg Clayman, and the failure of Defendant Greg Clayman and VSM to pay Plaintiff all sums due to him.

71. Defendants were and are statutorily required to keep and maintain complete and accurate books and records of VSM and were entrusted with the duty of keeping accurate accounting records of all transactions conducted by them, and are in possession of certain books, assets and accounts which would enable them to properly determine the accounting owed by them to Plaintiff.

72. As a shareholder and director of VSM, Plaintiff was, and is, statutorily entitled to inspect, review and copy VSM's books and records. Despite repeated requests from Plaintiff, Defendants have refused and failed to permit such inspection.

73. The amounts due to VSM and Plaintiff from VSM are unknown to Plaintiff and cannot be ascertained without an accounting. Due to the complicated nature of such an accounting and the conduct in which Defendants have engaged, VSM and Plaintiff do not have an adequate remedy available at law and an ordinary legal action demanding a fixed sum would be impracticable.

74. Plaintiff requests that the Court issue an Order requiring Defendants to provide a complete accounting regarding the ownership, management and operation of VSM, and to produce all books and records of the company. Plaintiff requests he be awarded reasonable attorney's fees in connection with the issuance of such an order.

**TENTH CAUSE OF ACTION**

**(Appointment of a Receiver by Plaintiff, Derivatively against VSM and Does 1 through 20)**

75. Plaintiff repeats, repleads and realleges Paragraphs 1 through 74, inclusive, and incorporates the same herein by this reference as though set forth in full.

Exhibit A

76. Disagreements and disputes regarding the management, control and operation of VSM have arisen between the parties. As alleged herein, Defendants Greg Clayman, Jane Clayman and Judith Clayman have engaged in self-dealing, misappropriation and conversion of corporate assets and breaches of fiduciary duties so that confidence has been destroyed, and it has become impossible for VSM to conduct the corporate business in a businesslike way or continue the operation of the corporation.

77. Plaintiff has been adversely affected and irreparably harmed by this dissension, self-dealing, misappropriation of assets and inability of VSM to govern itself properly.

78. Substantial disputes regarding management, control and ownership of VSM remain unresolved and frustrate the ability of the corporation to operate and account for its true financial condition.

79. This has caused great financial hardship to VSM and Plaintiff.

80. Unless a receiver is appointed to take possession of and manage and control the corporate assets of VSM and its proceeds, they will be misappropriated, wasted and dissipated. VSM and Plaintiffs' have no adequate remedy at law to prevent this result, and unless a receiver is appointed, he will suffer great and irreparable loss and damage.

## ELEVENTH CAUSE OF ACTION

**(For Breach of Written Employment Agreement By Plaintiff Against All Defendants and Does 1 through 20)**

81. Plaintiff repeats, repleads and realleges Paragraphs 1 through 80, inclusive, and incorporates the same herein by this reference as though set forth in full.

82. On or about March 3, 2013, Defendant VMS, as employer, and Plaintiff, as employee, entered into a written employment agreement wherein Defendant VMS agreed that Plaintiff's position as an employee and officer would be terminated, but that Plaintiff's status as a director and shareholder would continue ("Employment Agreement").

83. Pursuant to the terms of the Employment Agreement, Defendant VMS agreed, inter alia, to pay Plaintiff his normal salary through June 30, 2013, inclusive of severance

Exhibit A

12-03-2014



and other benefits, through that date. This amount is determined by a calculation of Plaintiff's income tax liability based on the income of VSM for the year 2013 and customarily paid to Plaintiff by a year end bonus. In addition, VSM agreed to pay and provide Plaintiff other benefits and reimbursements as set forth in the Employment Agreement.

84. Plaintiff performed all of the conditions and covenants that he agreed to perform pursuant to the terms of the Employment Agreement, except for those promises, conditions and covenants excused by the acts and omissions of VSM.

85. On or about no later than December 31, 2013, Defendant VSM breached the Employment Agreement by failing and refusing to pay Plaintiff his normal salary through June 30, 2013 as it was required to do.

86. As a direct and proximate result of the conduct of Defendants, Plaintiff has sustained and will sustain general, special and consequential damages in an amount not yet ascertained but within the jurisdiction of this Court. Plaintiff will seek leave to amend this Complaint to allege the exact amount of his damages when the same have been finally ascertained.

**TWELFTH CAUSE OF ACTION**

**(Violation of Labor Code Section 203 by Plaintiff Against Defendants Greg Clayman, Jane Clayman, Judith Clayman, VSM and DOES 1 through 20, Inclusive)**

87. Plaintiff repeats, repleads and realleges Paragraphs 1 through 86, inclusive, and incorporates the same herein by this reference as though set forth in full.

88. VSM and Defendants have wilfully failed and refused to pay Plaintiff his wages as provided for in the Employment Agreement.

89. Plaintiff is entitled to waiting time penalties under Labor Code Section 203 since Defendants have failed and refused to pay Plaintiff his wages due and owing as of the date of termination, June 30, 2013, in accordance with the terms of the Employment Agreement and have continued to fail and refuse to pay Plaintiff his wages although demand therefore was made.

90. Plaintiff is entitled to recover attorneys' fees and costs under Labor Code

**Exhibit A**

12-03-2014



Section 218.5. Plaintiff has employed the law firm of Krane & Smith, licensed and practicing attorneys in the State of California, for the purpose of instituting and prosecuting this action.

91. As a proximate result, Plaintiff has sustained and/or will sustain general, special, consequential and incidental damages, in a sum in excess of the jurisdictional amount, including, but not limited to, payment of attorneys' fees and costs incurred which sum is as yet unascertained, but which will be proven at the time of trial.

**THIRTEENTH CAUSE OF ACTION**

**(Unfair Competition Under Cal. Bus. & Prof. Code §17200 et seq. by Plaintiff, Individually and Derivatively against Clayman and VSM and Does 1 through 20)**

92. Plaintiff repeats, repleads and realleges Paragraphs 1 through 91, inclusive, and incorporates the same herein by this reference as though set forth in full.

93. Plaintiff is suing both in his individual and derivative capacities and on behalf of the general public.

94. Defendants Greg Clayman, Judith Clayman and Jane Clayman and VSM have committed acts of unfair competition, as defined by California Business and Professions Code § 17200, by engaging in the acts and/or practices alleged herein including, but not limited to, the unlawful termination of the in violation of the Labor Code §203, et seq., and Corp. Code §315, and abusive, deceptive, unlawful and illegal practices and schemes as alleged herein.

95. With the last four years Defendants engaged in unlawful, unfair, unethical, unscrupulous business acts and practices. Such conduct includes violations of the Labor Code and constitute an unfair business act or practice within the meaning of Bus. & Prof. Code § 17200.

96. The unlawful and unfair business practices of said Defendants, as described above, present a continuing threat to members of the public in that the anti-competitive atmosphere created by the practices is an ongoing harm.

97. In light of said Defendants' conduct, it would be inequitable to allow Defendants to retain the benefit of the funds obtained though the unauthorized and unlawful

12-03-2014

**Exhibit A**

 

use of money and property rightfully owned by VSM and Plaintiff.

98. Defendants should be enjoined, temporarily, preliminarily, and permanently, prohibitorily and mandatorily, from all forms of unfair, unlawful, dishonest, unethical, immoral, unscrupulous business acts and practices.

99. Pursuant to Corporations Code §31302, every person who directly or indirectly controls a person liable for the violations noted above, and every partner, executive officer or director of a corporation so liable, and every person having similar status, and every employee of the entity who materially aids in the act or transaction, are also liable jointly and severally with and to the same extent as the person. The individual defendants named controlled VSM and materially aided the acts and transactions.

100. Unless restrained and enjoined by this Court, Defendants will persist in their activities, thereby causing further irreparable harm for which Plaintiff and the general public have no adequate remedy at law.

101. In the event the Court orders said Defendants to disgorge their improperly obtained profits and/or to make restitution, Plaintiff seeks an award of his attorneys' fees under, inter alia, California Code of Civil Procedure § 1021.5.

## PRAYER

**WHEREFORE**, Plaintiff demands judgment as follows:

1. **On the First, Second, Fourth, Fifth, Seventh and Eleventh Causes of Action**:
   a. For general damages according to proof;
   b. For special damages according to proof;
   c. For interest thereon according to law.
2. **On the First, Second, Fourth, Seventh and Causes of Action**:
   a. For punitive and exemplary damages according to proof.
3. **On the Third Cause of Action**:
   a. For an order that no salary, distribution, dividend, bonus or payment of personal benefits be paid to Defendant Clayman unless and until

12/03/2014

approved in accordance with Cal Corp §315

b. For a complete accounting performed by an independent accountant of all monies related to the Company;

c. For an order compelling Defendants to produce and provide a full account of all the books, records, bank account statements, balance sheets, income statements, and financial statements of VSM;

d. For the imposition of a constructive trust and attaching, impounding, imposing a constructive trust on or otherwise restricting the proceeds of Defendant Greg Clayman's activities or other assets so as to assure that Plaintiff and VSM have an effective remedy.

4. **On the Seventh Cause of Action**:

a. For restitution in the amount of the gain, profits and advantages which Defendants obtained as a result of their unlawful conversion.

5. **On the Eighth Cause of Action**:

a. For restitution in the amount of the gain, profits and advantages which Defendants obtained as a result of their unlawful conduct.

6. **On the Tenth Cause of Action**:

a. For the removal of Defendants Greg Clayman, Jane Clayman and Judith Clayman from the Broad of Directors of VSM.

b. For the appointment of a receiver to take possession of and manage the corporate assets of VSM and its proceeds.

c. To enjoin Defendant Clayman from receiving any salary, distribution, dividend, bonus, or personal benefits pending the outcome of this litigation.

7. **On the Twelfth Cause of Action**:

a. For damages, attorney's fees, costs incurred, and interest, pursuant to California Labor Code sections 201, 202, 203, 218.5, 218.6, and 1194, arising from Defendants' willful failure and refusal to pay timely Plaintiff

12-03-2014

all earned wages, salaries, and monies owed upon termination;

8. **On the Thirteenth Cause of Action**:

a. For disgorgement and restitution for all profits, benefits and compensation made by Defendants at the expense and to the detriment of Plaintiff;

b. For attorneys' fees according to proof.

9. **On All Causes of Action**:

a. For costs of suit herein; and

b. For such other and further relief as the court deems just and proper.

DATED: December 2, 2014 KRANE & SMITH, APC

By: [signature]
MARC SMITH
DANIEL L. REBACK
Attorneys for Plaintiff, CONSTANTINE TSIAMIS, an individual, and for the benefit of VS MEDIA, INC., a California corporation

12/03/2014

**Exhibit A**

## DEMAND FOR JURY TRIAL

Plaintiff, CONSTANTINE TSIAMIS, an individual, and for the benefit of VS MEDIA, INC., a California corporation hereby demands a jury trial in connection with the above-captioned matter.

DATED: December 2, 2014

KRANE & SMITH, APC

By: [signature]
MARC SMITH
DANIEL L. REBACK
Attorneys for Plaintiff, CONSTANTINE TSIAMIS, an individual, and for the benefit of VS MEDIA, INC., a California corporation

12/03/2014

Exhibit A

F:\Clients\TSIAMIS-CONSTANTINE\COMPLAINT_12_1_14.wpd

24 26

COMPLAINT AND DEMAND FOR JURY TRIAL

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Marc Smith (#72717)
KRANE & SMITH, APC
16255 Ventura Boulevard
Suite 600
Encino, CA 91436
TELEPHONE NO.: 818-382-4000 FAX NO.: 818-382-4001
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

FILED
Superior Court Of California
County Of Los Angeles
DEC 03 2014
Sherri R. Carter, Executive Officer/Clerk
By [signature], Deputy
Judi Lara

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: TSIAMIS, etc et al. v. VS MEDIA, INC., etc et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 565657 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [X] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Thirteen
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 2, 2014
Marc Smith (#72717)
(TYPE OR PRINT NAME)
[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Legal Solutions Plus
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

ORIGINAL

Exhibit A
27

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

| SHORT TITLE: TSIAMIS, etc et al. v. VS MEDIA, INC., etc et al. | CASE NUMBER BC 5 6 5 6 5 7 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 7-10 ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**Exhibit A**

ORIGINAL

| SHORT TITLE: TSIAMIS, etc et al. v. VS MEDIA, INC., etc et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**Exhibit A**

| SHORT TITLE: TSIAMIS, etc et al. v. VS MEDIA, INC., etc et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

Exhibit A

| SHORT TITLE: TSIAMIS, etc et al. v. VS MEDIA, INC., etc et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. [X] 1. [X] 2. [X] 3. [ ] 4. [X] 5. [ ] 6. [ ] 7. [ ] 8. [ ] 9. [ ] 10. | | | ADDRESS: Pursuant to Local Rule 2c |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES courthouse in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: December 2, 2014

Marc Smith

(SIGNATURE OF ATTORNEY/FILING PARTY)

MARC SMITH

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

12/03/2014

## PROOF OF SERVICE:

I, Jessica Zampitella, declare as follows:

I am over the age of eighteen years and not a party to the within action. I am employed by Robinson Di Lando, A Professional Law Corporation, whose business address is 800 Wilshire Blvd, Suite 750, Los Angeles, CA 90017, which is located in the county where the mailing described below took place.

On April 13, 2015, I served the foregoing document(s) described as follows: **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (FRCP 12(B)(6) AND TO STRIKE (FRCP 12(F)**on all interested parties who are not receiving Electronic Case Files from the United States District Court, as noted in the Court's Notices of Electronic Filing, addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid**.**

[X ] FEDERAL**:** I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2015 at Los Angeles, California.

S:/Jessica Zampitella______
Jessica Zampitella, Declarant

# SERVICE LIST

Marc Smith, Esq.
Daniel Reback, Esq.
KRANE & SMITH
16255 Ventura blvd., Suite 600
Encino, California 91436
Telephone: (818) 382-4000
Facsimile: (818) 382-4001
Email: msmith@kranesmith.com
Email: dreback@kranesmith.com

G. Bryan Brannan, Esq.
1001 N. Westlake Blvd., Suite 201
Westlake Village, CA 91362
(805) 777-0110
(805) 777-7164
Email: brannanlaw@yahoo.com