Edwin C. Schreiber, SBN 41066
Eric A. Schreiber,   SBN 194851
Ean M. Schreiber,   SBN **284361**
SCHREIBER & SCHREIBER, INC.
16633 Ventura Boulevard, Suite 711
Encino, California 91436

Tel:  (818) 789-2577
Fax: (818) 789-3391

G. Bryan Brannan, SBN 135579
BRANNAN LAW OFFICES
100 N. Westlake Blvd., Suite 201
Westlake Village, CA 91362
Phone: (805) 777–0110

Attorneys for Defendant, VS MEDIA, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA–WESTERN DIVISION

| | |
|---|---|
| CONSTANTINE TSIAMIS, ETC. ET.AL.<br><br>             Plaintiff,<br><br>      vs.<br><br>VS MEDIA, INC. ETC. ET. AL.<br><br>             Defendants | Case No.  2:15–CV–02520 CAS<br><br>NOTICE OF MOTION AND MOTIN TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANT VS MEDIA, INC UNDER F.R.P.C. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: June 1, 2015<br>Time: 10:0 a.m.<br>Place: Courtroom: 5<br><br>Hon. Christina A. Snyder |

1
MOTION TO DISMISS COMPLAINT

TO ALL PARTIES AND TO THE ATTORNEYS OF RECORD OF ALL PARTIES TO THIS ACTION:

PLEASE TAKE NOTICE that on June 1, 2015 at 10:0 a.m. or as soon thereafter as the matter can be heard in Courtroom 5, of the above entitled court located at 312 North Spring Street, Los Angeles, California 90012 the Defendant, VS Media, Inc. ("VS"), will move to dismiss the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth and Thirteenth Claims for Relief of the Complaint of Plaintiff, Constantine Tsiamis ("Plaintiff") pursuant to F.R.C.P. Rule 12(b)(6) (failure to state facts sufficient to state a claim for relief) on the grounds hereinafter set forth.

DATED: April 23, 2015

SCHREIBER & SCHREIBER, INC. & BRANNAN LAW OFFICES

BY: _____
Edwin C. Schreiber, Attorneys for Defendant, VS Media, Inc.

# TABLE OF CONTENTS

| CAPTION | PAGE |
|---|---|
| GROUNDS OF MOTION TO DISMISS | 3 |
| MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS | 6 |
| I.  IT IS IMPERMISSIBLE FOR A PLAINTIFF TO SIMULTANEOUSLY SUE PERSONALLY AND DERIVATIVELY– PLAINTIFF'S FIRST, SECOND, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, TENTH, AND THIRTEENTH, CLAIMS FOR RELIEF | 6 |
| II. MOTIONS TO DISMISS SPECIFIC CLAIMS FOR RELIEF | 8 |
|     A.  Plaintiff's Seventh Claim for Relief Fails to State a Claim for Relief for Conversion | 9 |
|     B.  Plaintiff's Eighth Claim for Relief Fails to State a Claim for Relief for Unjust Enrichment Because California Does Not Recognize a Claim for Relief for Unjust Enrichment | 11 |
|     C.  Plaintiff's Tenth Claim for Relief Fails to State a Claim for Relief for Appointment of a Receiver Because California Does Not Recognize Appointment of a Receiver as an Independent Claim for Relief | 11 |
|     D.  Plaintiff's Thirteenth Claim for Relief for Violation of Business & Professions Code § 17200 Fails to State a Claim for Relief | 12 |
| III CONCLUSION | 13 |

## TABLE OF AUTHORITIES

| CASES | PAGE |
|---|---|
| Bank of the West v. Superior Court (1992) 2 Cal.4th 1254 | 12 |
| IB Melchior v. New Line Productions, Inc. (2003) 106 Cal. App.4th 779 | 11 |
| Kim v. Westmoore Partners, Inc. (2011) 201 Cal.App.4th 267 | 10 |
| Korea Supply Co. v. Lockheed Martin Corp., (2003) 29 Cal. 4th 1134 | 12 |
| La Societe Francaise d'Epargnes et de Prevoyance Mutuelle v. District Court (1879) 53 Cal. 495 | 11 |
| Los Angeles Federal Credit Union v. Madatyan (2012) 209 Cal. App.4th 1383 | 9 |
| Patrick v. Alcer Corporation (2008) 167 Cal.App.4th 995 | 6 |
| Peterson v. Fed. Devl. Co., (1976 S.D.N.Y. 1976) 416 F.Supp. 466 | 8 |
| Ryan v. Aetna, (1991 S.D.N.Y.) 765 F.Supp. 133 | 8 |
| Schuster v. Gardner (2005) 127 Cal.App.4th 305 | 7 |
| South Bay Chevrolet v. General Motors Acceptance Corp. (1999) 72 Cal. App.4th 861 | 12 |

**STATUTES**

| | |
|---|---|
| CA Business and Professions Code § 17200 | 12 |
| F.R.C.P. Rule 12(b)(6) | Passim |

**TREATISES**

| | |
|---|---|
| 6 Witkin, California Procedure 5th Ed. Provisional Remedies § 419, pg 385 | 11 |

GROUNDS OF MOTION TO DISMISS

1. That Plaintiff's purported FIRST CAUSE OF ACTION (Claim for Relief) for BREACH OF FIDUCIARY OBLIGATION fails to state facts sufficient to state a claim for relief against VS (F.R.C.P. Rule 12(b)(6)) on the following grounds each and all:

   A. It is impermissible for a Plaintiff to sue personally and derivatively in the same claim for relief;

2. That Plaintiff's purported SECOND CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT (Claim for Relief) fails to state facts sufficient to state a claim for relief against VS (F.R.C.P. Rule 12(b)(6)) on the following grounds each and all:

   A. It is impermissible for a Plaintiff to sue personally and derivatively in the same claim for relief;

3. That Plaintiff's purported FOURTH CAUSE OF ACTION (Claim for Relief) for GROSS MISMANAGEMENT (Claim for Relief) fails to state facts sufficient to state a claim for relief against VS (F.R.C.P. Rule 12(b)(6)) on the following grounds each and all:

   A. It is impermissible for a Plaintiff to sue personally and derivatively in the same claim for relief;

4. That Plaintiff's purported FIFTH CAUSE OF ACTION (Claim for Relief) for WASTE OF CORPORATE ASSETS fails to state facts sufficient to state a claim for relief against VS (F.R.C.P. Rule 12(b)(6)) on the following grounds each and all:

   A. It is impermissible for a Plaintiff to sue personally and derivatively in the same claim for relief;

5. That Plaintiff's purported SIXTH CAUSE OF ACTION (Claim for Relief) for NEGLIGENCE fails to state facts sufficient to state a claim for relief against VS (F.R.C.P. Rule 12(b)(6)) on the following grounds each and all:

   A. It is impermissible for a Plaintiff to sue personally and derivatively in the same claim for relief;

6. That Plaintiff's purported SEVENTH CAUSE OF ACTION (Claim for Relief) for CONVERSION fails to state facts sufficient to state a claim for relief against VS (F.R.C.P. Rule 12(b)(6)) on the following grounds each and all:

A. It is impermissible for a Plaintiff to sue personally and derivatively in the same claim for relief;

B. Plaintiff has not plead, and cannot plead, the elements of a claim for relief for conversion as it is impossible for VS to interfere with its own assets, and except for specifically identifiable cash, cash cannot be the subject of conversion since conversion is a tort applicable only to specific personal property;

7. That Plaintiff's purported EIGHTH CAUSE OF ACTION (Claim for Relief) for UNJUST ENRICHMENT fails to state facts sufficient to state a claim for relief against VS (F.R.C.P. Rule 12(b)(6)) on the following grounds each and all:

A. It is impermissible for a Plaintiff to sue personally and derivatively in the same claim for relief;

B. California does not recognize a claim for relief for unjust enrichment;

8. That Plaintiff's purported TENTH CAUSE OF ACTION for APPOINTMENT OF A RECEIVER (Claim for Relief) fails to state facts sufficient to state a claim for relief against VS (F.R.C.P. Rule 12(b)(6)) on the following grounds each and all:

A. There is no separate claim for relief for appointment of a receiver, rather it is a remedy which arises in connection with another recognized claim for relief;

9. That Plaintiff's purported THIRTEENTH CAUSE OF ACTION (Claim for Relief) for UNFAIR COMPETITION UNDER BUSINESS AND PROFESSIONS CODE 17200 fails to state facts sufficient to state a claim for relief against VS (F.R.C.P. Rule 12(b)(6)) on the following grounds each and all:

A. It is impermissible for a Plaintiff to sue personally and derivatively in the same claim for relief;

B. There is no violation of Business and Professions Code § 17200 alleged since

1 | Business and Professions Code § 17200 is designed to protect the public, and not to be
2 | part of a two party (Plaintiff versus the 3 Defendants) business dispute.

4 | DATED: April 23, 2015       SCHREIBER & SCHREIBER, INC. &
                                BRANNAN LAW OFFICES

6 |                             BY:_____
7 |                                 Edwin C. Schreiber, Attorneys for
                                    Defendant, VS Media, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS

### I. IT IS IMPERMISSIBLE FOR A PLAINTIFF TO SIMULTANEOUSLY SUE PERSONALLY AND DERIVATIVELY–PLAINTIFF'S FIRST, SECOND, FOURTH FIFTH, SIXTH, SEVENTH, EIGHTH, TENTH AND THIRTEENTH CLAIMS FOR RELIEF

The courts have recognized the unique nature of derivative actions– an action by a plaintiff to take over a corporation for its benefit. That is an action to recover benefits that belong to a corporation, but which for whatever reason the corporation does not pursue on its own behalf. See Patrick v. Alcer Corporation (2008) 167 Cal.App.4th 995. As such normally the corporation is only a nominal party, and it is not proper for the corporation to defend the action except on very narrow grounds such as lack of standing, or a special litigation committee defense. Patrick Id. at 1005. Had Plaintiff simply been content to bring his claims derivatively, VS would have taken only the most nominal position in this litigation except for the Third Claim for Relief (seeking corporate records), Tenth Claim for Relief (for appointment of a receiver), Eleventh Claim for Relief (breach of employment contract directly against VS), and Twelfth Claim for Relief (Labor Code waiting penalties directly against VS).

However, in total duplicity, Plaintiff seeks to recover the identical damages, jointly and severally, against not only the individual Defendants, but VS as well. This is entirely impermissible because it puts the Plaintiff in an irreconcilable conflict of interest–he is simultaneously litigating for his personal benefit, while purportedly trying to recover the identical damages on behalf of the Corporation. This Plaintiff cannot do. In a shareholder derivative action, the plaintiff, who is a shareholder, and who meets the requirements of Corporations Code § 800, is only a nominal plaintiff acting on behalf of the corporation. The Claims for Relief asserted in a derivative action are the Corporation's Claims for Relief against the named defendants, and those claims are asserted for the exclusive benefit of the Corporation. The Corporation is the "real plaintiff," and it is the Corporation's Claims for Relief against the defendants which are

1  adjudicated in the lawsuit.

2  This rule is explained in Schuster v. Gardner (2005) 127 Cal.App.4th 305, 311–

3  13 as follows:

> Shareholders may bring two types of actions, "a direct action filed by the shareholder individually (or on behalf of a class of shareholders to which he or she belongs) for injury to his or her interest as a shareholder," or a "derivative action filed on behalf of the corporation for injury to the corporation for which it has failed or refused to sue." (Friedman, Cal. Practice Guide: Corporations (The Rutter Group 2004) ¶ 6:598, p. 6–127.) "The two actions are mutually exclusive: i.e., the right of action and recovery belongs either to the shareholders (direct action) or to the corporation (derivative action)." (Ibid.) When the claim is derivative, the "shareholder is merely a nominal plaintiff.... Even though the corporation is joined as a nominal defendant ..., it is the real party in interest to which any recovery usually belongs." (Friedman, supra, ¶ 6:602, pp. 6–128.1 to 6–128.2.) . . .
>
> Under California law, "a shareholder cannot bring a direct action for damages against management on the theory their alleged wrongdoing decreased the value of his or her stock (e.g., by reducing corporate assets and net worth). The corporation itself must bring such an action, or a derivative suit may be brought on the corporation's behalf." (Friedman, Cal. Practice Guide: Corporations, supra, ¶ 6:601.1, p. 6–128.1, citing Sutter v. General Petroleum Corp. (1946) 28 Cal.2d 525, 529–530, 170 P.2d 898, O'Hare v. Marine Electric Co. (1964) 229 Cal.App.2d 33, 36–37, 39 Cal.Rptr. 799.) A different rule would "authorize multitudinous litigation and ignore the corporate entity." (Sutter v. General Petroleum Corp., supra, at p. 530, 170 P.2d 898.)
>
> An action is derivative if " 'the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance of distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets.' " (Jones v. H.F. Ahmanson & Co. (1969) 1 Cal.3d 93, 106–107, 81 Cal.Rptr. 592, 460 P.2d 464.) Shareholders may bring a derivative suit to, for example, enjoin or recover damages for breaches of fiduciary duty directors and officers owe the corporation. (Friedman, Cal. Practice Guide: Corporations, supra, ¶ 6:604, p. 6–128.2.) An individual cause of action exists only if damages to the shareholders were not incidental to damages to the corporation. (Jones v. H.F. Ahmanson & Co., supra, at p. 107, 81 Cal.Rptr. 592, 460 P.2d 464.) Examples of direct shareholder actions include suits brought to compel the declaration of a dividend, or the payment of lawfully declared or mandatory dividends, or to enjoin a threatened ultra vires act or enforce shareholder voting rights. (Friedman, supra, ¶ 6:601, p. 6–128.)
>
> In Avikian v. WTC Financial Corp. (2002) 98 Cal.App.4th 1108, 120 Cal.Rptr.2d 243, the plaintiff shareholders alleged the defendant officers and directors mismanaged or looted corporate assets and entered into self-serving deals to sell assets to third parties, culminating in the corporation's involuntary liquidation. (Id. at pp. 1111, 1112, 1115, 120 Cal.Rptr.2d 243.) The court held the claims were derivative in nature, and thus the lower court properly dismissed the complaint. The court explained the plaintiffs' "own damages, the loss in value of their investments in [the corporation], were merely incidental to the alleged harm inflicted upon [the corporation] and all its shareholders." (Id. at p. 1116, 120 Cal.Rptr.2d 243.)

7

MOTION TO DISMISS COMPLAINT

1    For this reason, the Courts have uniformly held that a plaintiff cannot
2 simultaneously bring direct and derivative claims in the same action. Peterson v. Fed.
3 Devl. Co., (1976 S.D.N.Y. 1976) 416 F.Supp. 466, 475 n. 6 holding that the plaintiff was
4 required to choose between pursing his individual claims or those of the corporation;
5 Ryan v. Aetna, (1991 S.D.N.Y.) 765 F.Supp. 133, 136–37 similarly holding that a plaintiff
6 has a conflict of interest in simultaneously pursuing individual and derivative claims.

7    Therefore, the Plaintiff must either dismiss the derivative claims which will result
8 in dismissal of all Claims for Relief against VS except the Third (production of records),
9 Tenth (derivatively for appointment of a receiver), Eleventh (breach of contract), and
10 Twelfth (Labor Code penalties), <u>or</u> dismiss his personal claims. The choice is up to the
11 Plaintiff, but must be made before this action can proceed as to the affected Claims for
12 Relief. However, it seems likely Plaintiff will elect to proceed personally (assuming his
13 claims qualify for individual treatment), [1] since Plaintiff only owns 29.2% of VS
14 (complaint paragraph 11 page 4 line 2), and since VS is a Subchapter S corporation, this
15 means Plaintiff will only receive 29.2% of any sum recovered derivatively.

## II. MOTIONS TO DISMISS SPECIFIC CLAIMS FOR RELIEF

18    As pointed out above and in footnote 2, the derivative claims in Plaintiff's
19 Complaint seek recovery of damages not only for the benefit of VS, but also for himself
20 personally and against VS. As set forth below some of these Claims for Relief do not
21 state facts sufficient to state a Claim for Relief. Accordingly, VS is demurring as to these
22 Claims for Relief. However, if Plaintiff withdraws his personal claims for damages as
23 to VS on these causes of action, then VS agrees that except for the Tenth Claim for Relief

---

[1] In this regard the prayer does not differentiate between VS and the other Defendants, so it would appear Plaintiff is asking for all of his alleged damages jointly and severally which makes VS more than a nominal party.

8
MOTION TO DISMISS COMPLAINT

for appointment of a receiver which is derivatively solely against VS, [2] then the following Motions to Dismiss can go off calendar.

### A. Plaintiff's Seventh Claims for Relief Fails to State a Claim for Relief for Conversion

The Plaintiff's Seventh Claim for Relief seeks recovery for conversion of VS's unidentified "corporate assets including, but not limited to, the funds deposited in its bank accounts and identifiable cash." (Complaint paragraph 60 pg 15 lns 19–20). Conversion is a tort against possession and interference with property rights. In this case there is no interference with Plaintiff's property rights—nothing has been involuntarily taken from Plaintiff. Similarly, Plaintiff himself has plead in the complaint that he never had possession of the "corporate assets . . . and funds deposited in [VS's] bank accounts"). Because Plaintiff never had physical possession over the corporate assets and funds, he cannot claim conversion of items of property he never possessed.

As stated in Los Angeles Federal Credit Union v. Madatyan (2012) 209 Cal. App.4th 1383

> Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. Conversion is a strict liability tort. The foundation of the action rests neither in the knowledge nor the intent of the defendant. Instead, the tort consists in the breach of an absolute duty; the act of conversion itself is tortious. Therefore, questions of the defendant's good faith, lack of knowledge, and motive are ordinarily immaterial. [Citations.]" (Burlesci v. Petersen (1998) 68 Cal.App.4th 1062, 1066, 80 Cal.Rptr.2d 704.) The basis of a conversion action " 'rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff from which injury to the latter results. Therefore, neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are the gist of the action.' [Citations.]" (Ibid.) (Id. at 1387).

---

[2] How Plaintiff can directly and derivatively sue VS is a mystery to VS since by its very nature a derivative action must be for the benefit of VS.

With respect to money, not only must a claim be for a specific identifiable sum, but that sum must have been <u>misappropriated</u>. This situation is explained in the case of Kim v. Westmoore Partners, Inc. (2011) 201 Cal.App.4th 267,

> Kim's fourth cause of action, for conversion, fails because the simple failure to pay money owed does not constitute conversion. A cause of action for conversion of money can be stated only where defendant interferes with plaintiff's possessory interest in a specific, identifiable sum, such as when a trustee or agent misappropriates the money entrusted to him. " 'Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment. [Citation.]' (McKell v. Washington Mutual, Inc. (2006) 142 Cal.App.4th 1457, 1491 [49 Cal.Rptr.3d 227]; see Haigler v. Donnelly (1941) 18 Cal.2d 674, 681 [117 P.2d 331]; Fischer v. Machado (1996) 50 Cal.App.4th 1069, 1072–1074 [58 Cal.Rptr.2d 213] [sales agent liable for conversion of proceeds from consignment sale of farm products]; Software Design & Application, Ltd. v. Hoefer & Arnett, Inc. (1996) 49 Cal.App.4th 472, 485 [56 Cal.Rptr.2d 756] ['money cannot be the subject of a conversion action unless a specific sum capable of identification is involved.'].) A 'generalized claim for money [is] not actionable as conversion.' (Vu v. California Commerce Club, Inc. (1997) 58 Cal.App.4th 229, 235 [68 Cal.Rptr.2d 31]; 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 703, pp. 1026–1027.) [¶] ... [¶] ... <u>California cases permitting an action for conversion of money typically involve those who have misappropriated, commingled, or misapplied specific funds held for the benefit of others</u>. (See, e.g., Haigler v. Donnelly, supra, 18 Cal.2d at p. 681 [117 P.2d 331] [real estate broker]; Fischer v. Machado, supra, 50 Cal.App.4th at pp. 1072–1074 [58 Cal.Rptr.2d 213] [sales agent for consigned farm products]; Weiss v. Marcus (1975) 51 Cal.App.3d 590, 599 [124 Cal.Rptr. 297] [attorney claim for $6,750 fees from proceeds of settlement subject to lien]; Watson v. Stockton Morris Plan Co. (1939) 34 Cal.App.2d 393, 403 [93 P.2d 855] [savings and loan issued duplicate passbook and delivered funds to third party].)" (PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP (2007) 150 Cal.App.4th 384, 395–396, 58 Cal.Rptr.3d 516; see also, Software Design & Application, Ltd. v. Hoefer & Arnett, Inc., supra, 49 Cal.App.4th at p. 485, 56 Cal.Rptr.2d 756 [no claim for conversion is stated where money was allegedly misappropriated "over time, in various sums, without any indication that it was held in trust for" plaintiff]; McKell v. Washington Mutual, Inc., supra, 142 Cal.App.4th at pp. 1491–1492, 49 Cal.Rptr.3d 227 [bank's practice of overcharging customers for third-party fees, and retaining the difference, did not constitute a conversion of customers' funds, since the bank had not violated any duty to distribute the disputed funds to the third parties].) (Id. at 284-85, Emphasis added).

Because Plaintiff cannot identify any item of property converted by VS, his Seventh Claim for Relief for conversion must fail, and VS's motion to dismiss must be granted without leave to amend.

B. <u>Plaintiff's Eighth Claim for Relief Fails to State a Claim for Relief for Unjust Enrichment Because California Does Not Recognize a Claim for Relief for Unjust Enrichment</u>

California does not recognize a cause of action for "unjust enrichment." As stated in IB Melchior v. New Line Productions, Inc. (2003) 106 Cal. App.4th 779,

> In addition, as the trial court observed, there is no cause of action in California for unjust enrichment. "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." (Lauriedale Associates, Ltd. v. Wilson (1992) 7 Cal.App.4th 1439, 1448 [9 Cal.Rptr.2d 774].) Unjust enrichment is " 'a general principle, underlying various legal doctrines and remedies,' " rather than a remedy itself. (Dinosaur Development, Inc. v. White (1989) 216 Cal.App.3d 1310, 1315 [265 Cal.Rptr. 525].) It is synonymous with restitution. (Id. at p. 1314.) (Id. at 793).

Therefore, since there is no such California cause of action, VS's motion to dismiss should be granted without leave to amend.

C. <u>Plaintiff's Tenth Claim for Relief Fails to State a Claim for Relief for Appointment of a Receiver Because California Does Not Recognize Appointment of a Receiver as an Independent Claim for Relief</u>

Plaintiff's Tenth Claim for Relief is derivatively for appointment of a receiver solely against VS. However, appointment of a receiver is an ancillary remedy and not an independent Claim for Relief. See 6 <u>Witkin</u>, California Procedure 5th Ed. Provisional Remedies § 419, pg 358 as follows:

> There is no substantive right to a receiver and no action for a receiver. As the court said in La Societe Francaise d'Epargnes et de Prevoyance Mutuelle v. District Court (1879) 53 Cal. 495:
>
> These subdivisions do not assume to create a substantive right of action where none existed before. Their aim is to provide a more efficacious remedy in the conduct of actions, the right to bring which already exists, and are elsewhere provided for. . . . There is, of course, no such thing as an action brought distinctively for the mere appointment of a Receiver–such an appointment, when made, is ancillary to or in aid of the action brought.

Therefore, since under California law there is no Claim for Relief for appointment of a receiver, VS's motion to dismiss should be granted without leave to amend.

### D. Plaintiff 's Thirteenth Claim for Relief for Violation of Business & Professions Code § 17200 Fails to State a Claim for Relief

This case is about a dispute amongst the shareholders of VS. It is not a situation where the public has been harmed, which is the core purpose of Business and Professions Code § 17200. To state a claim under section 17200 ("UCL"), a plaintiff "need not plead and prove the elements of a tort. Instead, one need only show that 'members of the public are likely to be deceived.' " (Bank of the West v. Superior Court (1992) 2 Cal.4th 1254, 1267). Business and Professions Code § 17200's definition is disjunctive, and the statute can be violated whenever a defendant's act or practice is unlawful, unfair or fraudulent (South Bay Chevrolet v. General Motors Acceptance Corp. (1999) 72 Cal. App.4th 861, 877-78).

> [The] "unlawful" is simply that the UCL "borrows" other laws and the violation of other statutory law can be a violation of other laws. The "unfair" element balances the impact on the victim versus the reasons, motives and plans of the defendant. A practice can be deemed "unfair" if it offends public policy, is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. (South Bay Chevrolet at 886--87). The third independent element is a "fraudulent" practice, which standard is wholly unlike common law fraud. This test only examines whether the public is likely to be deceived, and does not require a showing of intent to deceive, a misrepresentation, reliance, or even damages. (South Bay Chevrolet Id. at 888).

Accordingly, the UCL is primarily designed for injured consumers, it is not designed as a vehicle to be used in a dispute between two parties (Plaintiff on the one hand and the three individual Defendants on the other hand). The key purpose of the UCL is "unfair competition" and without actual "unfair competition" there can be no UCL claim. As the California Supreme Court held in Korea Supply Co. v. Lockheed Martin Corp., (2003) 29 Cal. 4th 1134, 1150).

> We reaffirm that an action under the UCL "is not an all-purpose substitute for a tort or contract action." (Cortez, supra, 23 Cal.4th at p. 173, 96 Cal.Rptr.2d 518, 999 P.2d 706.) Instead, the act provides an equitable means through which both public prosecutors and private individuals can bring suit to prevent unfair business practices and restore money or property to victims of these practices. As we have said, the "overarching legislative concern [was] to provide a streamlined procedure for the prevention of ongoing or threatened acts of unfair competition." (Id. at pp. 173–174, 96 Cal.Rptr.2d 518, 999 P.2d 706, italics omitted.) Because of

this objective, the remedies provided are limited. While any member of the public can bring suit under the act to enjoin a business from engaging in unfair competition, it is well established that individuals may not recover damages. (Bank of the West, supra, 2 Cal.4th at p. 1266, 10 Cal.Rptr.2d 538, 833 P.2d 545.)

Simply put, a UCL claim is not a substitute for a shareholder dispute in a company with only four (4) shareholders. Plaintiff has not met the standard of demonstrating that the public is likely to be injured in this two party dispute, and, therefore, this motion to dismiss must be granted without leave to amend.

### III CONCLUSION

For the forgoing reasons, Plaintiff must make a decision as to his First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth and Thirteenth Claims for Relief as to whether he is proceeding individually or derivatively. Further, as to Plaintiff's Seventh, Eighth, Tenth and Thirteenth Claims for Relief, unless VS is dropped as a liable Defendant, then VS's motions to dismiss should be granted without leave to amen as to these additional Claims for Relief.

DATED: April 23, 2015

SCHREIBER & SCHREIBER, INC.
BRANNAN LAW OFFICES

By: Edwin C. Schreiber
Edwin C. Schreiber, Attorneys for Defendant, VS Media, Inc.